| | |
|---|---|
| DAWN MORRIS, ) <br> on behalf of herself and all others ) <br> similarly situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MOON RIDGE FOODS, LLC, ) <br> SERVE: ) <br> Registered Agent Robert L. Devereux, ) <br> 7701 Forsyth Blvd., ) <br> Suite 800, ) <br> St. Louis, Missouri 63105, ) <br> ) <br> and ) <br> ) <br> HERITAGE FOODS, LLC, ) <br> SERVE: ) <br> Registered Agent Joe Maxwell, ) <br> 210 East Love ) <br> Mexico, Missouri 65265 ) <br> ) <br> Defendants. ) | **JURY TRIAL DEMANDED** <br><br> Case No. |

## CLASS ACTION COMPLAINT

Dawn Morris (Plaintiff) on behalf of herself and a class of those similarly situated (Other Similarly Situated Employees), by way of Complaint against Moon Ridge Foods, LLC and Heritage Foods, LLC (Defendants) by and through her counsel allege as follows:

## NATURE OF THE ACTION

1. This is a class action for the recovery by Plaintiff and Other Similarly Situated Employees of the Defendants as a single employer of damages in the amount of 60 days' pay and ERISA benefits by reason of Defendants' violation of the Plaintiff's rights under

the Worker Adjustment and Retraining Notification Act of 1988 29 U.S.C. §§ 2101-2109 et. seq. (the WARN Act).  Although the Plaintiff and the Other Similarly Situated Employees were nominally employed by Defendant, Moon Ridge Foods, LLC (Moon Ridge), pursuant to the WARN Act's single employer rule, Heritage Foods, LLC (Heritage Foods) was also the Plaintiff's and the Other Similarly Situated Employees "Employer" until they were terminated as part of, or as a result of a mass layoff and/or plant closing ordered by Defendants on or about January 10, 2018 and thereafter. The Defendants violated the WARN Act by failing to give the Plaintiff and the Other Similarly Situated Employees of the Defendants at least 60 days' advance written notice of termination, as required by the WARN Act.  As a consequence, the Plaintiff and the Other Similarly Situated Employees of the Defendants are entitled under the WARN Act to recover from the Defendants their wages and ERISA benefits for 60 days, none of which has been paid.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C § 2104 (a)(5).

3. The violations of the WARN Act alleged herein occurred in this District and more particularly in Pleasant Hope, Missouri. Venue in this Court is proper pursuant to 29 U.S.C § 2104 (a)(5).

## THE PARTIES

4. Upon information and belief, at all relevant times, Defendant Moon Ridge was incorporated in the state of Missouri with a facility located at 5305 Highway H, Pleasant Hope, MO 65725.

5. Upon information and belief, at all relevant times, Defendant Heritage Foods was a Missouri corporation with its principal place of business located in Missouri.

6. Defendants jointly maintained, owned, and operated a facility located at 5305 Highway H, Pleasant Hope, MO 65725 (the Facility).

7. Plaintiff and the Other Similarly Situated Employees were employed by Defendants at the Facility until their termination without cause on or about January 10, 2018 and thereafter at which time Defendants ordered a mass layoff and/or plant closing of the Facility.

8. Plaintiff was employed by Defendants as a single employer at the Facility until her layoff without cause on or about January 12, 2018.

9. Upon information and belief, approximately 240 persons were employed at the Facility by Defendants until their termination without cause on or about January 10, 2018 and thereafter.

10. Upon information and belief, Defendants, as a single employer, owned and operated the Facility until on or about January 10, 2018 and thereafter.

11. On or about January 10, 2018 and thereafter, Defendants, as a single employer, ordered the termination of the Plaintiff's employment together with the termination of all other employees who worked at or reported to the Facility as part of a mass layoff and/or plant closing as defined by the WARN Act for which they were entitled to receive 60 days advance written notice under the WARN Act.

### **CLASS ACTION ALLEGATIONS – 29 U.S.C. § 2104 (a)(5)**

12. Pursuant to the WARN Act, 29 U.S.C. § 2104 (a)(5), the Plaintiff maintains this action on behalf of herself and on behalf of each of the Other Similarly Situated Employees.

13. Each of the Other Similarly Situated Employees is similarly situated to the Plaintiff in respect to his or her rights under the WARN Act.

14. Defendants, as a single employer, were required by the WARN Act to give the Plaintiff and the Other Similarly Situated Employees at least 60 days advance written notice prior to their terminations.

15. Prior to their terminations, neither the Plaintiff nor the Other Similarly Situated Employees received written notice that complied with the requirements of the WARN Act.

16. Defendants failed to pay the Plaintiff and the Other Similarly Situated Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) days following their respective terminations and failed to make 401(k) contributions and provide them with health insurance coverage and other employee benefits.

## **CLASS ACTION ALLEGATIONS RULES 23 (a) and (b)**

17. The Plaintiff brings this action on her own behalf and, pursuant to the Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of herself and the Other Similarly Situated Employees who worked at the Facility and were terminated as part of or as the reasonably foreseeable result of the mass layoff and/or plant closing ordered by the Defendants, as a single employer, on or about January 10, 2018 and thereafter (the Class).

18. The persons in the Class identified above (Class Members) are so numerous that joinder of all Class Members is impracticable.

19. There are questions of law and fact common to the Class Members that predominate over any questions affecting only individual members.

20. The claims of the representative party are typical of the claims of the Class.

4
Case 6:18-cv-03219-SRB     Document 1     Filed 07/17/18     Page 4 of 11

21. The representative party will fairly and adequately protect the interests of the class.

22. The Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

23. A class action is superior to other available methods for the fair and efficient adjudication of this controversy—particularly in the contest of WARN Act litigation, where individual Plaintiff and Class Members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

24. There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

(a) Whether the Class Members were employees of the Defendants who worked at or reported to the Facility;

(b) Whether Defendants, as a single employer, terminated the employment of the Class Members without cause on their part and without giving them 60 days advance written notice;

(c) Whether the Defendants may rely the WARN Acts "unforeseeable business circumstances" or "faltering company" defense.

(d) Whether Defendants failure to provide 60 days' notice should render them liable to the Class Members for 60 days' pay and benefits.

## **CLAIM FOR RELIEF**

25. At all relevant times, the Defendants employed 100 or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate

worked at least 4,000 hours per week exclusive of hours of overtime within the United States as defined by the WARN Act and employed more than 60 employees at the Facility.

26. At all relevant times, each of the Defendants was an "employer," as that term is defined in 29 U.S.C. § 2101(a)(1) of the WARN Act and 20 C.F.R. § 639.3(a).

## Single Employer Allegations

27. The Defendants constituted a "single employer" of the Plaintiff and the Class Members in that, among other things:

### Common Ownership

*(a)* Upon information and belief, Moon Ridge was directly or indirectly wholly owned and operated by Russ Kremer ("Kremer") and Phil Gatto ("Gatto").

*(b)* Upon information and belief, Heritage Foods was directly or indirectly wholly owned and operated by Russ Kremer and Phil Gatto.

### Common Directors and Officers

*(c)* Upon information and belief, at all relevant times, the Defendants shared common officers and directors, in that Moon Ridge's officers and directors were the officers and directors of Heritage Foods.

*(d)* Specifically, upon information and belief, at all relevant times, Kremer was a Director at Moon Ridge and Heritage Foods.

*(e)* Upon information and belief, at all relevant times, Gatto was a Director at Moon Ridge and Heritage Foods.

### De Facto Control

*(f)* Upon information and belief, at all times relevant hereto, Kremer and Gatto maintained sole control over all business decisions made by Moon Ridge and Heritage

Foods, including decisions relating to Plaintiff's and the Class' employment and specifically, the decision to shut down the Facility without providing WARN notice.

(g) Upon information and belief, the decision to shut down the Facility without providing proper WARN notice was made by Kremer and Gatto on behalf of Moon Ridge and Heritage Foods as a single employer.

### Dependency of Operations

(h) Upon information and belief, at all relevant times, Moon Ridge and Heritage Foods were both hog processing facilities.

(i) Upon information and belief, Kremer and Gatto communicated to the Moon Ridge employees that the reason why they decided to create Moon Ridge was because Heritage Foods had outgrown its facility and thus required an additional Facility to process hogs.

(j) Upon information and belief, Moon Ridge was entirely dependent on Heritage Foods in its daily operations in that Moon Ridge did not have its own purchaser of hogs for processing, but rather relied on Heritage Foods' purchaser, Jeff Petrie ("Petrie") to provide it with hogs for processing.

(k) Upon information and belief, Petrie was not employed by Moon Ridge but nevertheless worked out of the Moon Ridge Facility

(l) Upon information and belief, at all relevant times, Moon Ridge was completely dependent on Heritage Foods for operating funds either directly or through financing arranged by Heritage Foods.

### Unity of Personnel Policies

(m) Upon information and belief, Moon Ridge and Heritage Foods maintained common personnel policies which were put into place by Kremer and Gatto including centralized hiring and firing, payment of wages, as well as a common health care plan.

(n) Upon information and belief, the decision to order a mass layoff and/or plant closing without providing a WARN notice was made by Kremer and Gatto on behalf of, and to benefit, each of the Defendants and themselves.

28. On or about January 10, 2018 and thereafter, Defendants, as a single employer, ordered the "mass layoff" and/or "plant closing" of the Facility as those terms are defined by 29 U.S.C. § 2101(a).

29. The Plaintiff and the Class Members who were terminated by Defendants as a result of Defendants ordering the mass layoff and/or plant closing at the Facility on or about January 10, 2018 and thereafter were "affected employees" as defined by 29 U.S.C. § 2101(a)(5) of the WARN Act.

30. The mass layoff and/or plant closing at the Facility resulted in "employment losses," as that term is defined by the WARN Act for at least fifty (50) of Defendants' employees as well as 33% of Defendant's workforce at the Facilities, excluding "part-time employees," as that term is defined by the WARN Act.

31. The Plaintiff and each of the Class Members are "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104 (a)(7).

32. Pursuant to Sections 2102 of WARN and 20 C.F.R. § 639.1 - § 639.10 et. seq., Defendants were required to provide at least 60 days prior written notice of the termination or notice as soon as practicable, to the affected employees, explaining why the sixty (60) days prior notice was not given.

33. Defendants failed to provide at least sixty (60) days prior notice to the Class Members terminations and also failed to provide notice prior to their terminations setting forth the basis for reduced notice as required by the WARN Act.

8
Case 6:18-cv-03219-SRB    Document 1    Filed 07/17/18    Page 8 of 11

34. The Defendants failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 working days following their respective terminations, and failed to make the pension and 401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

35. As a result of Defendants' failure to pay the wages, benefits and other monies as asserted above, the Aggrieved Employees were damaged in an amount equal to the sum of the Class Members unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits which would have been paid for a period of sixty (60) calendar days after the date of the members' terminations.

**WHEREFORE**, the Plaintiff and Class Members demand judgment against the Defendants as follows:

a. An amount equal to the sum of: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits, for sixty (60) working days following the member employee's termination, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act;

b. Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the WARN Act, 29 U.S.C §2104(a)(5), Plaintiff and the Class Members constitute a single class;

c. Interest as allowed by law on the amounts owed under the preceding paragraphs;

d. Appointment of the undersigned attorneys as Class Counsel;

e. Appointment of Plaintiff as the Class Representatives and payment of reasonable compensation for her services as such,

9

f. The reasonable attorneys' fees and the costs and disbursements the Plaintiff incurs in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. §2104(a)(6);

g. Such other and further relief as this Court may deem just and proper.

**<u>JURY TRIAL DEMANDED</u>**

Dated: July 17, 2018

Respectfully Submitted,

ROUSE FRETS GENTILE RHODES, LLC

By: /s/ *Randall L. Rhodes*
Randall L. Rhodes        MO 43211
Christopher L. Kurtz     MO 61654
5250 W. 116th Place, Suite 400
Leawood, Kansas 66211
Phone: (913) 387-1600
Fax: (913) 928-6739
rrhodes@rousefrets.com
ckurtz@rousefrets.com

**Motions for admission pro hac vice will be filed for the following:**

LANKENAU & MILLER, LLP
Stuart J. Miller (SJM 4276)
132 Nassau Street, Suite 1100
New York, New York 10038
Phone: (212) 581-5005
Fax: (212) 581-2122

THE GARDNER FIRM
Mary E. Olsen (OLSEM4818)
M. Vance McCrary (MCCRM4402)
182 St. Francis Street, Suite 103
Mobile, Alabama 36602
Phone: (251) 433-8100
Fax: (251) 433-8181

Cooperating Counsel for
THE NLG MAURICE AND JANE SUGAR
LAW CENTER FOR ECONOMIC AND
SOCIAL JUSTICE, a non-profit law firm
4605 Cass Ave.
Detroit, Michigan 48201
Phone: (313) 993-4505

*Attorneys for Plaintiff*