# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| DAWN MORRIS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 18-CV-03219-SRB |
| | ) |
| MOON RIDGE FOODS, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before this Court is Plaintiff's Motion for Class Certification (Doc. #39). Following a review of the parties' joint Stipulation Regarding Class Certification (Doc. #53), and for the reasons stated below, the Court determines class certification is appropriate, and the Motion is GRANTED.

**I.  Background**

On June 7, 2019, Plaintiff Dawn Morris and the putative class members filed their First Amended Class Action Complaint ("Complaint"), alleging Defendants violated the Worker Adjustment and Retraining Notification Act of 1988 ("WARN Act"), 28 U.S.C. §§ 2101–2109, by failing to give Plaintiffs at least sixty days advance written notice before terminating their employment.  (Doc. #34, p. 1).  Plaintiffs request back pay and benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., "for sixty (60) working days following" the termination of their employment, as provided under the WARN Act.  (Doc. #34, p. 14).  Plaintiff sought class certification under Federal Rules of Civil

Procedure 23(a) and 23(b)(3) and "the specific statutory provision contemplating class treatment of claims under" the WARN Act. (Doc. #39, p. 1) (citing Fed. R. Civ. P. 23; 29 U.S.C. § 2104(a)(5)). On September 3, 2019, the parties filed a Stipulation Regarding Class Certification (Doc. #53), the terms of which are discussed below.

## II. Legal Standard

"The WARN Act contemplates class-action adjudication." *Day v. Celadon Trucking Servs., Inc.*, 827 F.3d 817, 833 (8th Cir. 2016) (citing 29 U.S.C. § 2104(a)(5) ("A person seeking to enforce such liability . . . may sue either for such person or for other persons similarly situated, or both, in any district court of the United States")). Class certification is governed by Rule 23, and a proposed class must satisfy all four prerequisites of Rule 23(a) and at least one of the provisions of Rule 23(b). *Comcast Corp. v. Behrend*, 569 U.S. 27, 32 (2013); *Blades v. Monsanto Co.*, 400 F.3d 562, 568-69 (8th Cir. 2005). Rule 23(a) requires the proponent of a class action to show: 1) "the class is so numerous that joinder of all members is impracticable" (numerosity); 2) "there are questions of law or fact common to the class" (commonality); 3) "the claims or defenses of the representative parties are typical of the claims or defenses of the class" (typicality); and 4) "the representative parties will fairly and adequately protect the interests of the absent class members" (adequacy). District courts must engage in a "rigorous analysis" to determine whether "the prerequisites of Rule 23(a) have been satisfied." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982).

If the Rule 23(a) prerequisites have been met, a class action may be maintained only if at least one Rule 23(b) provision is satisfied. Here, Plaintiff argues a class action is appropriate under Rule 23(b)(3). Rule 23(b)(3) permits a class action where "the court finds that the questions of law or fact common to class members predominate over any questions affecting

only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). For classes certified under Rule 23(b)(3), "the court must direct to class members the best notice that is practicable under the circumstances . . . " Fed. R. Civ. P. 23(c)(2)(B).

**III.   Discussion**

Upon review of the parties' joint Stipulation Regarding Class Certification and Proposed Class Notice, the Court finds the requirements of Rule 23(a) and 23(b)(3) are satisfied, as well as the notice requirements of Rule 23(c)(2)(B). The Court certifies a class comprised of the following members:

> All former employees who worked at or reported to the facility located at 5305 Highway H Pleasant Hope, MO 65725 (the "Facility") until they were laid off, furloughed and/or terminated, without cause on their part, on or about January 11, 2018, within thirty (30) days before that date or in the sixty (60) days thereafter, as part of, or as the reasonably expected consequence of, the mass layoff and/or plant closing occurring on or about January 11 and 12, 2018, and who do not file a timely request to opt-out of the class.

**A.  Rule 23(a) Requirements**

The Court has conducted a rigorous analysis of the proposed class and finds that it satisfies the Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy.

Numerosity is satisfied since the proposed class is comprised of the Plaintiff and more than 200 other similarly-situated employees. The number of possible claimants makes joinder of the proposed members impracticable, and a class action is an appropriate mechanism to expediently resolve of all the Class Members' claims. Fed. R. Civ. P. 23(a)(1).

Commonality under Rule 23(a)(2) is also satisfied because there are questions of law or fact common to every member of the class. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 388, 349 (2011). The common issues presented include: whether Defendants are part of a "single

3

employer" sharing in WARN Act liability; whether Defendants' actions triggered the sixty-day notice requirement; whether statutory exceptions to the notice requirement apply; and whether Defendants failed to provide notice as required. Any differences in the issues affecting Class Members' circumstances (for example, their rates of pay and levels of benefits under the WARN Act on the date of their layoff), do not outweigh the questions of law and fact that are common to every class member. In short, the commonalities of Plaintiff's claims predominate over issues relating to individual class members.

Typicality under Rule 23(a)(3) is satisfied because "the claims or damages raised by the representative parties are typical of the claims and defenses of the class." Fed. R. Civ. P. 23(a)(3). Plaintiff is the proposed Class Representative, and Plaintiff's claims are based on the same facts as other Class Members. No conflicts, disabling or otherwise, exist between the Class Representative and Class Members because both have been damaged by the same alleged conduct. Plaintiff has the incentive to fairly represent all Class Members' claims to achieve the maximum possible recovery.

Adequacy under Rule 23(a)(4) is satisfied with respect to both the Class Representative and Class Counsel. No conflicts of interest exist between the class representative and the class members, and the class representative is both able and willing to "fairly and adequately protect the interests" of the class. Fed. R. Civ. P. 23(a)(4). Furthermore, the parties' proposed Class Counsel, The Gardner Firm, P.C., Lankenau & Miller LLP, and Rouse Frets White Goss Gentile Rhodes, P.C., can "fairly and adequately represent the interests of the class" as required under Rule 23(g)(1)(B). Counsel are experienced class-action attorneys who have collectively been appointed as lead counsel in over 100 WARN class-action suits, demonstrating they possess both the knowledge and resources to adequately represent the interests of this proposed class.

The Court finds the Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy are satisfied.

### B. Rule 23(b)(3) Requirements

The Court further finds that Plaintiff satisfies Rule 23(b)(3), as questions of law and fact common to the proposed class "predominate over any questions affecting only individual members" and that a class action is the superior method of adjudicating this case. Fed. R. Civ. P. 23(b)(3). "The predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation…and goes to the efficiency of a class action as an alternative to individual suits." *Ebert v. Gen. Mills, Inc.*, 823 F.3d 472, 479 (8th Cir. 2016) (internal citations omitted).

A class action represents the best method for promptly and efficiently resolving the common questions of law and fact presented, and this forum is ideal for concentrating the litigation of the WARN Act claims of the proposed Class Members. Each Class Member's claim would be impractical to bring as an individual claim. Additionally, the proposed class presents few difficulties in managing the litigation. Class Members can be easily identified by company records, and Defendants' potential liability can be readily calculated.

Accordingly, the Class meets all criteria for certification and is certified pursuant to the requirements of Rule 23(a) and (b)(3).

### IV. Conclusion

Plaintiffs' Motion for Class Certification (Doc. #39) is GRANTED. It is hereby

**ORDERED** that pursuant to Rule 23(a) and (b)(3) the Court certifies this matter as a class action. The class is defined as follows:

> All former employees who worked at or reported to the facility located at 5305 Highway H Pleasant Hope, MO 65725 (the "Facility") until they were laid off,

furloughed and/or terminated, without cause on their part, on or about January 11, 2018, within thirty (30) days before that date or in the sixty (60) days thereafter, as part of, or as the reasonably expected consequence of, the mass layoff and/or plant closing occurring on or about January 11 and 12, 2018, and who do not file a timely request to opt-out of the class ("Class").

**IT IS FURTHER ORDERED** that Plaintiff Dawn Morris is appointed as Class Representative.

**IT IS FURTHER ORDERED** that The Gardner Firm, P.C., Lankenau & Miller LLP, and Rouse Frets White Goss Gentile Rhodes, P.C. are appointed as Class Counsel.

**IT IS FURTHER ORDERED** that the proposed form of Notice to the Class submitted with the parties' joint Stipulation of Class Certification is approved. Notice in compliance with the proposed form of notice is found to be the best notice practicable under the circumstances and constitutes due and sufficient notice to all Class Members in full compliance with the notice requirements of Rule 23.

**IT IS FURTHER ORDERED** that no later than 14 business days following entry of this Order, Defendants shall provide Class Counsel with an electronic spreadsheet containing the names and last known addresses of the former employees encompassed by the Class as defined above (the "Class Spreadsheet").

**IT IS FURTHER ORDERED** that Class Counsel shall mail the notice, First Class postage prepaid, within 21 business days of entry of this Order, to the proposed members of the Class at their last known addresses as shown on the Class Spreadsheet.

**IT IS FURTHER ORDERED** that Class Members who wish to opt-out of the Class in this matter must complete the opt-out form, included with the Class Notice, and must sign and mail that opt-out form to The Gardner Firm, P.C., P.O. Box 3103, Mobile, Alabama 36652, Attn: Mary E. Olsen, so that it is post-marked no later than thirty (30) days after the due date on which

the Class Notice was mailed and received by Ms. Olsen within seven (7) days of that date. All requests for exclusion post-marked more than thirty (30) days after the date on which the Class Notice was mailed or received by Ms. Olsen more than seven (7) days after that date will not be effective, and any person who sends a late request will be a member of the Class in the Action and will be bound in the same way and to the same extent as all other Class Members.

**IT IS FURTHER ORDERED** that within five (5) days after the last date on which a Class Member may timely opt-out, Class Counsel shall serve and file a sworn statement listing the names of any persons who have timely opted out of the class.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: September 4, 2019