# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DAWN MORRIS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 18-cv-03219-SRB |
| | ) |
| MOON RIDGE FOODS, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiffs' Submission Quantifying the Monetary Relief Requested Under the WARN Act, Along with Supporting Documentation. (Doc. #75). For the reasons stated below, the motion is granted and the Court awards damages to the Plaintiff Class in the amount of $1,288,715.71.

## I. BACKGROUND

On January 10, 2020, Plaintiff Dawn Morris and Plaintiff Class ("Plaintiffs") filed a motion for summary judgment as to the liability of Defendant Moon Ridge Foods, LLC ("Moon Ridge") for allegedly violating the Worker Adjustment and Retraining Notification Act of 1988 ("WARN Act"), 28 U.S.C. §§ 2101–2109. (Doc. #61). Moon Ridge did not file a response. The Court determined that the undisputed factual record showed Moon Ridge was an employer subject to the provisions of the WARN Act and that its closure of a hog-processing facility on or around January 11th–12th, 2018, constituted a "plant closing" under 29 U.S.C. § 2101(a)(2). The Court also determined, based on the record, that Moon Ridge gave insufficient notice of the hog-processing facility's closure under 29 U.S.C. § 2102(a) and did not qualify for any reduced-notice provisions, making it liable to Plaintiffs for the full sixty days of the violation period

under the WARN Act. (Doc. #73). The Court granted Plaintiffs' motion for summary judgment and further directed Plaintiffs to file a submission quantifying the amount of monetary relief sought under the WARN Act along with any supporting documentation. The Court also instructed Moon Ridge to file any response to Plaintiffs' request for monetary relief within fourteen days of its submission.

On April 17, 2020, Plaintiffs filed the instant motion regarding damages along with supporting documentation.[1] (Doc. #75). Plaintiffs state their counsel attempted to confer with Moon Ridge in calculating the amount of damages but received no response. On May 1, 2020, the Court ordered supplemental briefing regarding the interplay between the sixty-day violation period under 29 U.S.C. § 2104(a) and the Eighth Circuit's limitation to only workdays being included in the backpay calculation. *See Breedlove v. Earthgrains Baking Cos., Inc.*, 140 F.3d 797, 801 (8th Cir. 1998) (finding "an employer's liability under the WARN Act's compensation provision, 29 U.S.C. § 2104(a)(1), is calculated based on working days"). Plaintiffs submitted their supplemental briefing on May 11, 2020. As of the date of this Order, Moon Ridge has not filed a response to Plaintiffs' motion regarding damages.

## II. LEGAL STANDARD AND DISCUSSION

The damages provision of the WARN Act states in relevant part:

(1) Any employer who orders a plant closing or mass layoff in violation of section 2102 of this title shall be liable to each aggrieved employee who suffers an employment loss as a result of such closing or layoff for—

    (A) back pay for each day of violation at a rate of compensation not less than the higher of—

---

[1] While not labeled as such, the Court construes Plaintiffs' instant motion as a partial motion for summary judgment on the issue of damages. *See, e.g.*, *Day v. Celadon Trucking Servs., Inc.*, 827 F.3d 817, 824–25 (8th Cir. 2016) (upholding district court's evaluation of damages via a motion for summary judgment and whether the employees produced sufficient evidence supporting a reasonable inference as to the extent of the employees' damages).

> > (i) the average regular rate received by such employee during the last 3 years of the employee's employment; or
>
> > (ii) the final regular rate received by such employee; and
>
> (B) benefits under an employee benefit plan described in section 1002(3) of this title, including the cost of medical expenses incurred during the employment loss which would have been covered under an employee benefit plan if the employment loss had not occurred.
>
> Such liability shall be calculated for the period of the violation, up to a maximum of 60 days, but in no event for more than one-half the number of days the employee was employed by the employer.

29 U.S.C.A. § 2104(a). Accordingly, the applicable WARN Act damages calculation involves two components: (1) a backpay calculation under § 2104(a)(1)(A) based on working days within the notice period, and (2) a benefits calculation under § 2104(a)(1)(B).

Plaintiffs, in their supplemental briefing, submitted a spreadsheet containing the names of all class members with a proposed backpay amount for each one. The calculations for each class member's backpay were based on Moon Ridge's December 2017 payroll records and each class member's respective hire dates.[2] Upon review of Plaintiffs' initial and supplemental briefing and counsel's detailed explanation of the calculation methods used, the Court finds Plaintiffs have produced sufficient evidence to reasonably demonstrate that backpay damages owed under § 2104(a)(1)(A) amount to $1,149,136.96 and that benefits damages owed under § 2104(a)(1)(B) amount to $139,578.75, for a total award of $1,288,751.71. (Doc. #77; Doc. #77-1).

---

[2] Plaintiffs' counsel notes the December 2017 payroll records produced by Moon Ridge do not reflect the actual number of workdays worked by an individual class member nor the breakdown of the number of hours worked per day within the payroll period between November 27, 2017 through December 24, 2017. To account for that missing information, Plaintiffs calculated an Average Daily Wage Rate for each employee, based on their total regular (non-overtime) wages as reflected in the December 2017 payroll records divided by the full 28 days in that pay period. For class members hired during that December 2017 pay period, the class member's total regular wages were divided by the actual days employed. The Average Daily Wage Rate, when multiplied by sixty, produces what this Court believes to the best available estimate of what the total wages for workdays within a sixty-day period would have been, and thus satisfies the *Breedlove* mandate that WARN Act backpay calculations only include working days. *See Breedlove*, 140 F.3d at 801.

3

## III. CONCLUSION

Accordingly, Plaintiffs' request for damages in its Submission Quantifying the Monetary Relief Requested Under the WARN Act (Doc. #75) is GRANTED. The Court hereby awards damages to the Plaintiff Class in the amount of $1,288,715.71.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: May 12, 2020