IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DAWN MORRIS, on behalf of herself and all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No.6:18-CV-03219-SRB |
| MOON RIDGE FOODS, LLC, | ) ) ) |
| and | ) ) |
| HERITAGE FOODS HOLDINGS, LLC, | ) ) |
| and | ) ) |
| VERO FOODS, LLC | ) ) |
| Defendants. | ) |

## ORDER

Before the Court is a Joint Motion for an Order (1) Preliminarily Approving Settlement Agreement Pursuant to Rule 23 of the Federal Rules of Civil Procedures; (2) Approving the Form and Manner of Notice to the Class; (3) Scheduling a Final Fairness Hearing for the Final Consideration and Approval of the Settlement; and (4) Finally Approving the Settlement. (Doc. #78). Plaintiff Dawn Morris, on behalf of herself and the Class, and Defendant Heritage Foods Holdings, LLC ("Heritage") and Vero Foods, LLC ("Vero") (collectively, the "Non-Moon Ridge Defendants") ask this Court to: (1) preliminarily approve the *Settlement Agreement and Release*

(the "Settlement Agreement")[1] between Plaintiff and the Non-Moon Ridge Defendants pursuant to Federal Rule of Civil Procedure 23; (2) approve the form and manner of notice to the Class (the "Settlement Class Notice"); (3) schedule a Final Fairness Hearing for the final consideration and approval of the Settlement; and (4) finally approve the Settlement (the "Joint Motion").

The Court finds that:

A. Based on the range of possible outcomes and the cost, delay, and uncertainty associated with further litigation, the Settlement Agreement is reasonable and cost-effective, and preliminary approval of the Settlement Agreement is warranted.

B. The Settlement Agreement should be preliminarily approved pursuant to Rule 23.

C. Notice should be given to the Class identified on Schedule 1 to the Settlement Agreement, affording members of the proposed Class the opportunity to object to the proposed Settlement Agreement.

D. Notice should be provided to all individuals identified on Schedule 1 to the Settlement Agreement by first class mail, postage prepaid, at their last known address as indicated on Schedule 1 (or as updated at the Class Member's request or by Class Counsel's searches for current addresses in the event mailed notices are returned as undeliverable). Such mailing should be made by Class Counsel within ten (10) business days following the entry of this Order. Notice in this manner is reasonable and the best notice practicable under the circumstances.

E. The proposed notice of settlement, which is attached to the Joint Motion (the "Class Notice") meets the requirements of Rule 23(c)(2)(B). The Class Notice sufficiently

---

[1] Capitalized terms not otherwise defined in this Order shall have the meanings provided in the Joint Motion. Terms not otherwise defined in the Joint Motion shall have the meanings given in the Settlement Agreement.

describes, in clear, concise and easily understood language, the nature of the action and claims, respectively, the class certified, and the issues and defenses. The Class Notice also states that the Settlement Agreement, if approved, will be binding on all Settlement Class Members. The Class Notice also summarizes the terms of the Settlement Agreement, the right of and manner for each Class Member to object to the Settlement Agreement, the right of each Class Member to appear personally or by counsel at the Fairness Hearing, and the fact that more information is available from Class Counsel upon request. Further, the Class Notice informs the Class Members that the Settlement Agreement provides for the release of their claims as identified in the Settlement Agreement, and the payment of Class Counsel's Fees and Expenses. *See* Fed. R. Civ. P. 23(h).

F. A hearing on the final approval of the settlement proposed in the Settlement Agreement (the "Fairness Hearing") shall be set by the Court, but in no event sooner than forty-five (45) days following the entry of this Order, so that Settlement Class Members will have at least thirty (30) days from the mailing of the Class Notices to secure further information regarding the relief sought by the Joint Motion, to object to the Settlement Agreement should they choose to do so, and/or to engage counsel to appear at the Fairness Hearing.

G. Other good and sufficient cause exists for granting the relief requested in the Joint Motion.

Accordingly, the parties' Joint Motion (Doc. #78) is GRANTED. It is **ORDERED** that:

1. The Settlement Agreement is hereby preliminarily approved pursuant Rule 23;

2. The form of the Class Notice and the service of the Class Notice by Class Counsel by first class mail, postage prepaid, to each individual identified on Schedule 1 to the Settlement Agreement at his or her last known address (or as updated at the Settlement Class Member's

requests or by Class Counsel's searches for current addresses in the event mailed notices are returned as undeliverable) is hereby approved;

3. The Class Notice shall be mailed by first class mail by Class Counsel to the individuals identified on Schedule 1 to the Settlement Agreement within ten (10) business days following the entry of this Order; and

4. Objections or other responses to the final approval of the Settlement Agreement or to the proposed compensation of Class Counsel are to be filed with the Clerk of the Court and mailed to the entities listed in the Class Notice, via certified mail, return receipt requested so that they are received by no later than thirty (30) days following the date of mailing of the Class Notice.

5. The Court shall conduct the Fairness Hearing on July 31, 2020, at 1:00pm in Springfield, Missouri.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: May 13, 2020